[No. F038163. Fifth Dist. July 31, 2002.]

COUNTY OF FRESNO, Plaintiff and Respondent, v.
MALAGA COUNTY WATER DISTRICT et al., Defendants and
Appellants.

## COUNSEL

Hargrove & Costanzo and Neal E. Costanzo for Defendants and Appellants.

Best, Best & Krieger and Clark Alsop for California Association of Local Agency Formation Commissions as Amicus Curiae on behalf of Defendants and Appellants.

Whitnie C. Henderson for Association of California Water Agencies as Amicus Curiae on behalf of Defendant and Appellant Malaga County Water District.

McMurchie, Weill, Lenahan, Lee, Slater & Pearse and David W. McMurchie for California Special Districts Association as Amicus Curiae on behalf of Defendant and Appellant Malaga County Water District.

Phillip S. Cronin, County Counsel, and J. Wesley Merritt, Chief Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

LEVY, J.—The issue presented by this appeal is whether a county water district is statutorily authorized to incorporate as a city. When the Malaga County Water District (Malaga) initiated incorporation proceedings, the County of Fresno (County) filed the underlying action to enjoin the process. The trial court issued an injunction on the ground that, as a matter of law, Malaga could not incorporate without special legislation.

Malaga contends that it has the ability to incorporate as a city under the Cortese-Knox Local Government Reorganization Act of 1985 (1985 Act). (Gov. Code, § 56000 et seq.)[1] According to Malaga, its status as a "district of limited powers" does not take it outside of the statutes that permit "any district" to make "any change of organization," including a city incorporation. (§§ 56021, 56119.)

As discussed below, Malaga is correct. Applying the canons of statutory interpretation, it must be concluded that the 1985 Act permits a county water district that meets all prerequisites to incorporate as a city. Thus, we reverse.

---

[1]Effective January 1, 2001, the 1985 Act was replaced by the Cortese-Knox-Hertzberg Local Government Reorganization Act of 2000. However, the 2000 act is not retroactive. (Gov. Code, § 56101, as amended by Stats. 2000, ch. 761, § 22.) Consequently, this case is governed by the 1985 Act. Unless otherwise indicated, all further statutory references are to the Cortese-Knox Local Government Reorganization Act of 1985 as set forth in the Government Code.

## STATEMENT OF THE CASE AND FACTS

Malaga is a county water district organized and existing under Water Code section 30000 et seq. In addition to a water district's general powers as enumerated in the Water Code, i.e., those necessarily incident to carrying out the business of supplying water, providing fire protection, and operating facilities for sewage, solid waste and storm water disposal, Malaga has specially legislated powers. Malaga may conduct and advertise programs of community recreation and establish and operate recreation centers, parks and parkways within the district. (Wat. Code, § 31133.) To finance its operations, Malaga may collect fees, issue bonds, and levy taxes.

Malaga filed an incorporation resolution and a petition for a change of organization with the Local Agency Formation Commission (LAFCO), proposing the formation of a new city of Malaga. According to Malaga, by incorporating it will be able to provide better control over services and economic development within the proposed city boundaries.

Malaga devoted considerable time, effort and money to the incorporation effort. Initially, Malaga paid a $14,000 filing fee and a $248 signature authentication fee to LAFCO. Thereafter, Malaga entered into a contract with LAFCO regarding the preparation of a comprehensive fiscal analysis and an environmental impact report. Malaga agreed to remit funds to LAFCO that LAFCO would in turn remit to the two consultants hired to prepare these documents. It was estimated that these consulting fees would range from $80,000 to $150,000.

In response to the steps taken by Malaga to further its incorporation goal, the County filed the underlying complaint seeking declaratory relief and an injunction. In the causes of action that survived Malaga's pretrial motions, the County requested the court to invalidate Malaga's contract with LAFCO and to declare that Malaga's incorporation effort and concomitant expenditures were in excess of Malaga's statutory powers and constituted an unconstitutional gift of public funds.

The matter proceeded to trial on stipulated facts. In addition, Malaga made an offer of proof that it had paid sufficient funds to LAFCO to cover all the costs of processing the incorporation resolution and petition for change of organization. Based on this fact, Malaga argued that the action was moot.

The trial court, however, disagreed. Although the court dismissed the cause of action to invalidate the LAFCO contract, it ruled in the County's favor on the remaining two causes of action. The court concluded that, as a

district of limited powers, Malaga had only the powers set forth in its specific enabling statute and therefore could not incorporate without further legislative action. Accordingly, the court held that Malaga's expenditure of public funds to support its incorporation efforts was unconstitutional.

## DISCUSSION

■ The resolution of this appeal is dependent on the interpretation of the applicable statutes. The facts are not in dispute. Consequently, this court is faced with questions of law requiring independent review. (*Alesi v. Board of Retirement* (2000) 84 Cal.App.4th 597, 601 [101 Cal.Rptr.2d 81].)

■ The fundamental task in construing a statute is to ascertain and effectuate the intent of the Legislature. (*Day v. City of Fontana* (2001) 25 Cal.4th 268, 272 [105 Cal.Rptr.2d 457, 19 P.3d 1196].) The first step is to scrutinize the actual words of the statute, giving them a plain and common-sense meaning. (*Garcia v. McCutchen* (1997) 16 Cal.4th 469, 476 [66 Cal.Rptr.2d 319, 940 P.2d 906].) These words must be construed in context, keeping in mind the statutory purpose. (*Barajas v. Oren Realty & Development Co.* (1997) 57 Cal.App.4th 209, 216 [67 Cal.Rptr.2d 62].)

■ When statutes touch upon a common subject, they must be harmonized, both internally and with each other to the extent possible. (*Barajas v. Oren Realty & Development Co., supra,* 57 Cal.App.4th at pp. 216-217.) It is the court's role to construe, not write, statutes. (*Medical Board v. Superior Court* (2001) 88 Cal.App.4th 1001, 1013 [106 Cal.Rptr.2d 381].) Thus, it must be presumed the Legislature intended that every word, phrase and provision in a statute have meaning and perform a useful function. (*Garcia v. McCutchen, supra,* 16 Cal.4th at p. 476.) Accordingly, " '[A]ll presumptions are against a repeal by implication.' " (*Ibid.*) However, if an ambiguity does exist, the court must select the construction that comports most closely with the apparent legislative intent, with a view to promoting rather than defeating the general purpose of the statute, and avoiding an interpretation that would lead to absurd results. (*Day v. City of Fontana, supra,* 25 Cal.4th at p. 272.)

The 1985 Act is a broad statutory scheme that covers organizational changes for local government. (*Las Tunas Beach Geologic Hazard Abatement Dist. v. Superior Court* (1995) 38 Cal.App.4th 1002, 1007 [45 Cal.Rptr.2d 529].) It provides "the sole and exclusive authority and procedure for the initiation, conduct, and completion of changes of organization and reorganization for cities and districts." (§ 56100.)

The goal of the 1985 Act is "to encourage orderly growth and development which are essential to the social, fiscal, and economic well-being of the state." (§ 56001.) To effectuate this purpose, each county has a LAFCO that is charged with reviewing and approving or disapproving proposals for changes of organization. (§§ 56325, 56375.) Through this process, the LAFCO strives to facilitate the logical and reasonable development of cities, counties and districts in order to provide for the present and future needs of each county and its communities. (§§ 56054, 56301.)

Malaga qualifies as a "district" or "special district" under the 1985 Act. Such a district is defined as "an agency of the state, formed pursuant to general law or special act, for the local performance of governmental or proprietary functions within limited boundaries." (§ 56036, subd. (a).) However, Malaga is also a "district of limited powers." Section 56037 lists 26 types of districts, including county water districts, and states that they are districts of limited powers.

■ At issue is whether Malaga's status as a district of limited powers affects its ability to undergo a change of organization and incorporate as a new city under the 1985 Act. Its proposed incorporation clearly qualifies as a "change of organization." Section 56021 defines a change of organization as any of the following: *incorporation* or disincorporation of a city; formation or dissolution of a district; annexation to, or detachment from, a city or district; consolidation of cities or special districts; or a merger or establishment of a subsidiary district.

Further, districts are authorized to make organizational changes. Section 56119 provides that "any change of organization . . . provided for by this division may be made by, or with respect to, *any district*." (Italics added.) Nevertheless, the trial court concluded that a district of limited powers could not incorporate without special enabling legislation. The court reasoned that "[i]f a district of limited powers could simply reorganize in the manner of a special district and thereby enlarge the scope of its powers, it would destroy the statutory scheme for the creation of districts of limited power."

However, aside from listing the districts that are districts of limited powers, the 1985 Act refers to these districts in only one context. The 1985 Act provides that, under certain circumstances, a district of limited powers *may* be either merged with, or established as a subsidiary district of, a city. (§ 56117.) If the entire territory of the district of limited powers is included within the boundaries of a city, an order of merger may be adopted. (§ 57084.) On and after the effective date of such a merger, the district is

"extinguished, terminated, and its existence ceases." (§ 57525.) Alternatively, an order establishing a district of limited powers as a subsidiary district may be adopted if either all or a sufficient portion of the district's territory is included within the city boundaries. (§ 57085.) On and after the effective date of such an order, the city council is designated as, and empowered to act as, the ex officio board of directors of the district. (§ 57534.)

Based on the narrow focus of the statutes that specifically refer to a "district of limited powers," the County argues that those sections should be treated as an exception to the general statute that permits *any district* to make a change of organization. In other words, unlike districts or special districts, districts of limited powers are only entitled to merge with or be established as a subsidiary district to a city.

However, the existence of this merger option for a district of limited powers must be considered in context. The permissive merger statute was adopted at the same time that the doctrine of automatic merger was abolished. Section 56116 provides: "The Legislature declares that the doctrine of automatic merger of a district with a city or the merger by operation of law of a district with a city has no further force or effect. The existence of a district shall not be extinguished or terminated as a result of the entire territory of that district being heretofore or hereafter included within a city unless that district is merged with the city as a result of proceedings taken pursuant to this division."

Thus, before the enactment of section 56116, merger was automatic when a district was engulfed by a city. Now, if the territory of a district of limited powers is either entirely or substantially included within the boundaries of a city, that district has a choice. The district of limited powers can, but is not required to, merge with or become a subsidiary district of the city so long as this change of organization is accomplished in the manner specified by the 1985 Act. However, it does not follow that the existence of this option for districts of limited powers excepts those districts from the statute that grants *any district* the ability to make *any change of organization.* (§ 56119.) Rather, construing the 1985 Act in this manner runs counter to the rules of statutory interpretation.

By definition, districts of limited powers are districts under the 1985 Act. (§ 56036.) Thus, the plain and commonsense meaning of the phrase "any change of organization . . . provided for by this division may be made by . . . any district" is that all districts, *including* districts of limited powers, have this ability. To hold otherwise is to rewrite section 56119 to state that

"any change of organization . . . may be made by . . . any district [*except a district of limited powers*]."

Further, restricting a district of limited powers to either merging with, or becoming a subsidiary district of, a city is inconsistent with the general purpose of the 1985 Act. The 1985 Act aims to facilitate the logical and reasonable development of cities and districts in order to provide for the present and future needs of each county and its communities. This restrictive interpretation would result in a district of limited powers being unable to adapt to social and economic developments occurring within its territory. Rather, a district of limited powers would not be able to change its organization in any manner unless its territory overlapped the boundaries of a city.

Moreover, interpreting section 56119 as permitting a district of limited powers to incorporate does not create disharmony. The existence of a specific statutory scheme that permits such a district to merge with or become a subsidiary district of a city does not in and of itself preempt that district's general power to make any change of organization defined in section 56021. In other words, there is no basis for finding an implied repeal of section 56119 with respect to a district of limited powers. Being able to merge or become a subsidiary district is not an exception to, but rather is included within, the power to undergo a change of organization. The statutes are not " ' "irreconcilable, clearly repugnant, and so inconsistent" ' " that they cannot have concurrent operation. (Cf. *Garcia v. McCutchen, supra,* 16 Cal.4th at p. 477.)

The trial court concluded that if Malaga were to incorporate as a city, it would be enlarging the scope of its powers. Accordingly, the court opined that special legislation was required. To support the imposition of this prerequisite on Malaga, the court noted that in one instance a statute had been enacted to specifically authorize a particular community services district, a district of limited powers, to incorporate. (§ 56833.5.)

As a district of limited powers, Malaga's authority is restricted to those powers expressed and implied in its enabling act. (*Turlock Irrigation Dist. v. Hetrick* (1999) 71 Cal.App.4th 948, 953 [84 Cal.Rptr.2d 175]; *Water Quality Assn. v. County of Santa Barbara* (1996) 44 Cal.App.4th 732, 746 [52 Cal.Rptr.2d 184].) However, the 1985 Act, which provides "the sole and exclusive authority" for changes of organization, expressly grants the power to incorporate to Malaga. (§§ 56100, 56119.) Further, the fact that special legislation has been employed previously does not establish such legislation as a condition to incorporation. Consequently, the trial court incorrectly enjoined Malaga from proceeding with its incorporation efforts.

## DISPOSITION

The judgment is reversed. Appellant to recover its costs on appeal.

Dibiaso, Acting P. J., and Harris, J., concurred.