Filed 12/7/15

**CERTIFIED FOR PARTIAL PUBLICATION**<sup>*</sup>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| YVONNE PALACIO,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>JAN & GAIL'S CARE HOMES, INC.,<br><br>    Defendant and Respondent. | F070861<br><br>(Super. Ct. No. VCU254013)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  Melinda Myrle Reed, Judge.

Snyder Dorenfeld; DorenfeldLaw, Inc., and David K. Dorenfeld for Plaintiff and Appellant.

McCormick, Barstow, Sheppard, Wayte & Carruth and Scott M. Reddie for Defendant and Respondent.

-ooOoo-

**INTRODUCTION**

Plaintiff Yvonne Palacio appeals from the trial court's order denying her motion for class certification against defendant Jan & Gail's Care Homes, Inc. (Care Homes).

***<sup>*</sup>** Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part II of Discussion.

Plaintiff contends the trial court erred in finding she failed to establish a well-defined community of interests among class members.

At hire, employees of Care Homes are required to sign an agreement waiving their right to uninterrupted meal periods in accordance with the facility's standard operating procedures. Plaintiff argues Care Homes was obligated under the Labor Code to inform employees they have the right to revoke the agreement at any time. As a result, plaintiff asserts class certification is proper because Care Homes instituted a general policy or practice that violated wage and hour laws common among class members, current and former Care Homes employees. We disagree and affirm the order. As we interpret the relevant code provisions, Care Homes is not obligated to inform its employees they may have the right to revoke the agreement at any time.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was employed by Care Homes from 1999 to 2013. Care Homes is a 24-hour residential care facility for developmentally disabled individuals (clients).

Care Homes operates six 24-hour facilities in Tulare County and employs between 45 and 48 people. Employees work varied shifts, including, full-time, part-time, day, overnight, afternoon split, and weekend-only shifts. Work shifts range between four and ten hours.

The residential care industry is governed by titles 17 and 22 of the California Code of Regulations, which require on-duty direct care staff to provide 24-hour care to clients to protect them from illness, injury, fire, and other emergencies. As such, Care Homes requires direct care employees to work on-duty meal periods. At hire, it is standard operating procedure to explain to new employees they will be required to eat lunch with clients during the client's meal period, they will be paid for their lunch period, and they will be provided the same lunch as the client at no charge. Current employees of Care Homes confirmed the facility follows standard operating procedure in this regard.

2.

Employees of Care Homes are also required to sign an agreement waiving their right to uninterrupted meal periods in accordance with the facility's operating procedure. Plaintiff, who was hired as a full-time licensed vocational nurse, signed the agreement when she was initially hired.

On October 29, 2013, after plaintiff's employment was terminated, she filed a complaint against Care Homes on the basis she did not receive off-duty meal breaks or rest periods required under Labor Code section 226.7 and Industrial Welfare Commission wage order No. 5-2001 (Cal. Code Regs., tit. 8, § 11050 (Wage Order 5)), and alleging a violation of the unfair business competition law (Bus. & Prof. Code, § 17200 et seq.).

On September 22, 2014, plaintiff filed her motion for class certification. The motion was limited to allegations in the complaint alleging plaintiff and the proposed class, 102 current and former employees of Care Homes, were deprived of uninterrupted meal periods under Labor Code sections 226.7 and 512, and Wage Order 5.

Care Homes opposed the motion, arguing plaintiff failed to present a viable cause of action. As such, Care Homes asserted plaintiff is unable to meet any of the requirements for class certification.

On October 20, 2014, the trial court denied plaintiff's motion.

## DISCUSSION

The appellate court's review of a class certification order is narrowly circumscribed. (*Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1022 (*Brinker*).) The decision to certify a class rests squarely within the trial court's discretion, which is afforded great deference on appeal. (*Ibid.*) Trial courts are ideally situated to evaluate the efficiencies and practicalities of permitting class action. (*Ibid.*) As such, we will reverse a certification order only for a manifest abuse of discretion, i.e., the order (1) is unsupported by substantial evidence, (2) rests on improper criteria, or (3) rests on erroneous legal assumptions. (*Fireside Bank v. Superior Court* (2007) 40 Cal.4th 1069, 1089; *Brinker*, *supra*, at p. 1022.)

3.

To obtain class certification (Code Civ. Proc., § 382), the plaintiff must demonstrate "the existence of both an ascertainable class and a well-defined community of interest among the class members." (*Linder v. Thrifty Oil Co*. (2000) 23 Cal.4th 429, 435.) Under the community of interest requirement, the plaintiff must establish "'(1) predominant common questions of law or fact; (2) class representatives with claims or defenses typical of the class; and (3) class representatives who can adequately represent the class.'" (*Ibid*.)

## I.     Predominate Questions of Law or Fact Do Not Exist

As noted, Care Homes required all new employees to execute an agreement waiving their right to uninterrupted meal periods. The issue on appeal is whether Care Homes was obligated to inform their employees they may revoke the agreement at any time. Plaintiff argues Care Homes' failure to comply with this requirement constitutes a general policy or practice violating wage and hour laws common among class members and establishes a common question of law or fact. We conclude Care Homes was under no such obligation.

The trial court held plaintiff failed to prove predominate questions of law or fact exist. As a 24-hour residential care facility for developmentally disabled individuals, Care Homes falls within subdivision 11(E) of Wage Order 5. Under subdivision 11(E), employees may be required to work on-duty meal periods without penalty, provided the following conditions are met:  (1) it is necessary to meet regulatory or approved program standards; (2) the employee eats with residents during residents' meals; and, (3) the employer provides the same meal to the employee at no charge. Plaintiff does not contend Care Homes failed to comply with the foregoing and, as a result, did not establish a general policy or practice violating wage and hour laws common among class members.

On appeal, both parties agree Care Homes falls within subdivision 11(E) of Wage Order 5, which provides the following, in relevant part:

4.

"(E) Employees … of 24 hour residential care facilities for… developmentally disabled individuals may be required to work on-duty meal periods without penalty when necessary to meet regulatory or approved program standards and one of the following two conditions is met:

"(1)(a) The residential care employees eats [*sic*] with residents during residents' meals and the employer provides the same meal at no charge to the employee; or

"(b) The employee is in sole charge of the resident(s) and, on the day shift, the employer provides a meal at no charge to the employee."

Plaintiff argues the trial court erred by not holding, in addition to subdivision 11(E) of Wage Order 5, Care Homes is also obligated to comply with subdivision 11(A), which permits employees to work on-duty meal periods by agreement, and to revoke the agreement at any time:

"(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. *An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.*" (Italics added.)

The resolution of this issue turns on the interpretation of subdivision 11(E) of Wage Order 5. "When a wage order's validity and application are conceded and the question is only one of interpretation, the usual rules of statutory interpretation apply." (*Brinker*, *supra*, 53 Cal.4th at p. 1027.) In construing a statute, our fundamental task "is to ascertain and effectuate the intent of the Legislature." (*County of Fresno v. Malaga County Water Dist.* (2002) 100 Cal.App.4th 937, 941.) The statutory language itself is the most reliable indicator of Legislative intent. (*Wells v. One2One Learning Foundation* (2006) 39 Cal.4th 1164, 1190.) Therefore, the first step is to scrutinize the statute's

5.

words, "assigning them their usual and ordinary meanings, and construing them in context." (*Ibid.*)

If the words are unambiguous, "we presume the Legislature meant what it said, and the statute's plain meaning governs." (*Wells v. One2One Learning Foundation*, *supra*, 39 Cal.4th at p. 1190.) However, if the language of a statute allows for more than one reasonable interpretation, we will then look to the legislative history of the statute as well as maxims of statutory interpretation. (*Ibid.*)

The plain language of subdivision 11(E) of Wage Order 5 is clear, unambiguous, and provides no textual basis in support of plaintiff's argument that Care Homes, which falls within the ambit of subdivision 11(E), must also comply with subdivision 11(A). Subdivision 11(E) is a specific provision applicable to 24-hour residential care facilities that enables employers to *require* employees to work on-duty meal periods, provided certain conditions are met. In contrast, subdivision 11(A) is a general provision that permits employers and employees to *agree* to on-duty meal periods subject to a "nature of the work" test.

Although the trial court did not discuss subdivision 11(A) of Wage Order 5, inferentially, in finding subdivision 11(E) applies to Care Homes, the court considered whether both subdivisions could be reconciled, and it correctly determined they could not. It does not follow that an employer could "require" an employee to work on-duty meal periods under subdivision 11(E), but the employee could, nonetheless, revoke the requirement at any time under subdivision 11(A). Under these circumstances, the word "require" would be rendered meaningless.

Plaintiff's interpretation is also problematic because permitting employees to revoke the on-duty meal period requirement would place facilities like Care Homes in a precarious state. By law, Care Homes is required to provide 24-hour care to clients to protect them from injury, illness, fire, or other emergencies. If an employee were permitted to revoke the on-duty meal period requirement at any time and without advance

notice, employers would have to alter scheduling practices to ensure the employee could exercise the right at any time, while ensuring the client still receives continuous care.[1] Even if this were feasible, we doubt it is what the Industrial Welfare Commission (IWC) intended; subdivision 11(E) of Wage Order 5 already permits employees to take off-duty meal periods without revoking the on-duty meal period requirement.

The express language of subdivision 11(E) of Wage Order 5 makes no mention of an on-duty meal period agreement or the revocability of such an agreement. Rather, under subdivision 11(E), employees are granted the right to an off-duty meal period "upon 30 days' notice to the employer for each instance where an off-duty meal is desired …." "When the Legislature 'has employed a term or phrase in one place and excluded it in another, it should not be implied where excluded.'" (*Pasadena Police Officers Assn. v. City of Pasadena* (1990) 51 Cal.3d 564, 576.) We will not infer the IWC intended to grant employees of 24-hour residential care facilities the right to revoke an employer's on-duty meal period requirement where it has not expressly done so.

The trial court did not err in finding plaintiff failed to prove Care Homes operated under a general policy or practice that violated wage and hour laws common among class members. Care Homes was not obligated to comply with subdivision 11(A) of Wage Order 5, and plaintiff does not contend Care Homes operated in violation of subdivision

---

[1]We note a separate subdivision within Wage Order 5, not applicable here, permits health care industry employees to waive their right to a meal period and to revoke such waiver at any time, but requires "at least one day's written notice" to the employer:

"(D) Notwithstanding any other provision of this order, employees in the health care industry who work shifts in excess of eight (8) total hours in a workday may voluntarily waive their right to one of their two meal periods. In order to be valid, any such waiver must be documented in a written agreement that is voluntarily signed by both the employee and the employer. The employee may revoke the waiver at any time by providing the employer at least one (1) day's written notice. The employee shall be fully compensated for all working time, including any on-the-job meal period, while such a waiver is in effect." (Wage Order 5, subd. 11(D).)

7.

11(E).  Thus, the trial court's finding predominate questions of law or fact do not exist was not based on erroneous legal assumptions.[2]

## II.    Plaintiff's Claims Are Not Typical of the Class[*]

Plaintiff also contends her claims are typical of the class.  We disagree.

Part of the "community of interest" requirement for class certification requires the plaintiff to show his or her claims or defenses are typical of the class.  (*Linder v. Thrifty Oil Co.*, *supra*, 23 Cal.4th at p. 435.)  The """"test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'"""  (*Martinez v. Joe's Crab Shack Holdings* (2014) 231 Cal.App.4th 362, 375.)

The trial court held plaintiff failed to show her claim was typical of the class for three reasons.  First, Care Homes presented credible evidence that 98 percent of its current employees have signed settlement and release agreements waiving any and all claims against Care Homes.  Second, four current Care Homes employees, whose declarations were submitted by plaintiff in support of her motion for class certification,[3] all opposed litigation and were antagonistic toward it.  Third, plaintiff presented no

---

[2]Plaintiff contends *Gerard v. Orange Coast Memorial Medical Center*, review granted May 20, 2015, S225205 is instructive because as a general matter, class action liability may be established by an employer's illegal policy.  She argues, similar to *Gerard*, a potentially viable cause of action was also established here.  However, plaintiff's reliance on *Gerard* is misplaced.  First, *Gerard* is currently under review by the California Supreme Court and may not be relied on or cited.  (Cal. Rules of Court, rules 8.1105(e)(1), 8.115(a).)  Second, in response to *Gerard*, the Legislature recently enacted Senate Bill No. 327 (2015–2016 Reg. Sess.) section 2, effective October 5, 2015 (Senate Bill 327), which amended Labor Code section 516 to ensure meal waivers by health care industry employees under Wage Order 5 would be valid and enforceable. The purpose behind Senate Bill 327 was to clarify the law so hospitals would not have to alter scheduling practices as a result of the appellate court's decision in *Gerard*.  (Legis. Counsel's Dig., Sen. Bill No. 327 (2015–2016 Reg. Sess.); Stats. 2015, ch. 506, § 2.)

[*]See footnote, *ante*, page 1.

[3]The record indicates the declarations were submitted by Care Homes in support of its motion in opposition.

evidence from former employees establishing they suffered the same or similar injury as plaintiff, and to that point, Care Homes employs many different divisions of employees, including, full-time, part-time, and overnight shifts.

A plaintiff cannot meet the typicality requirement where the class representative's """"interests are antagonistic to or in conflict with the objectives of those [s]he purports to represent."""" (*Medrazo v. Honda of North Hollywood* (2008) 166 Cal.App.4th 89, 99.) For example, numerous federal courts have held the typicality requirement cannot be established where the proposed class members signed a settlement agreement but the class representative did not.[4] (*Swoope v. BellSouth Telecomms.* (N.D.Miss. June 23, 1998, No. 1:97cv181–D–D, Civ. A. No. 1:97cv359–D–D) 1998 WL 433952 [plaintiffs' claims or defenses were not typical of the class because they did not sign releases, whereas most of the proposed class did]; *Thonen v. McNeil-Akron*, *Inc.* (N.D. Ohio 1986) 661 F.Supp. 1271, 1274 [finding the typicality requirement was not met where plaintiffs, unlike proposed class members, had not signed "an accord and satisfaction agreement"]; (*Bublitz v. E.I. du Pont de Nemours & Co.* (S.D. Iowa 2001) 202 F.R.D. 251, 257 [explaining courts' reluctance to allow class members to be represented by someone who has not executed a waiver or release where class members have].)

Here, settlement agreements were obtained from all but one of the 43 current Care Homes employees. While former employees make up between 50 to 60 percent of the proposed class, plaintiff had the burden of proving those employees suffered the same or similar injury to her own. (*Lockheed Martin Corp. v. Superior Court* (2003) 29 Cal.4th 1096, 1108 [party seeking class certification must produce substantial evidence establishing each element].) As the trial court explained, plaintiff provided no evidence on whether former employees of Care Homes suffered injury similar to her own.

---

[4]We may look to federal courts for guidance in interpreting class certification matters. (*Soderstedt v. CBIZ Southern California*, *LLC* (2011) 197 Cal.App.4th 133, 146, fn. 2.)

Although plaintiff contends the settlement agreements were signed under duress, this only further distinguishes her claim from the claim of the proposed class. Plaintiff, who did not execute a settlement agreement, does not need to establish the agreement is defective; however, class members who did execute the agreement would have to show it was executed under duress. (*Melong v. Micronesian Claims Com.* (D.C. Cir. 1980) 643 F.2d 10, 14.) Thus, her interest is not coextensive with the interests of class members who settled and her claim is not typical of the class.

Plaintiff also argues the trial court erred in considering the settlement agreements at all because in so doing, it improperly considered the merits of defendant's affirmative defense. Class action requirements are often enmeshed with issues affecting the merits of the case, and courts must often peek into the merits for this reason. (*Brinker*, *supra*, 53 Cal.4th at pp. 1023-1024.) Further, the case plaintiff relies on in support of her argument, *Hendershot v. Ready to Roll Transportation*, *Inc.* (2014) 228 Cal.App.4th 1213, 1223, specifically holds release and arbitration agreements may be relevant to whether "representatives' claims and defenses are typical of those of the class …."

We also note, in finding plaintiff failed to meet the typicality requirement, the trial court explained Care Homes employees work varied shifts. "'As a general rule if the defendant's liability can be determined by facts common to all members of the class, a class will be certified even if the members must individually prove their damages.'" (*Brinker*, *supra*, 53 Cal. 4th at p. 1022.) However, a class action cannot be maintained where the existence of damage, the cause of damage, and the extent of damage have to be determined on a case-by-case basis, even if there are some common questions. (*Basurco v. 21st Century Ins. Co.* (2003) 108 Cal.App.4th 110, 119.)

Employees' work shifts at Care Homes range between four and ten hours. Assuming, arguendo, Care Homes was obligated to comply with subdivision 11(A) of Wage Order 5, employees' injuries would have to be determined on a case-by-case basis. This is so because it would be necessary to determine (1) whether each class member

worked more than five hours, the condition triggering the employer's duty to provide employees with an uninterrupted meal period of at least 30 minutes, and (2) whether each member would have exercised the right to revoke on-duty meal period agreements. As presently drawn, the class definition fails to meet the typicality requirement.

The trial court properly denied plaintiff class certification. Plaintiff failed to establish her revocability theory was potentially viable and, therefore, put forth insufficient evidence predominate questions of law or fact exist and that her claims are typical of the class. Although we also find insufficient evidence the numerosity requirement was met, we need not reach this issue given our holding herein.[5] We find no abuse of discretion.

## DISPOSITION

The judgment is affirmed. Each party shall bear its own costs (Lab. Code § 218.5).

_____
PEÑA, J.

WE CONCUR:


_____
FRANSON, Acting P.J.


_____
SMITH, J.

---

[5]Plainly, because 98 percent of current employees of Care Homes executed settlement agreements and plaintiff put forth no evidence former employees suffered injury similar to her own, it is readily apparent the numerosity requirement is not met.